**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

FOR COURT USE ONLY

09-66982

**IN THE MATTER OF:**

**Kaiser George Suidan**

S.S.# __xxx-xx-4437_____
                    and

S.S.#_____        Debtor(s)
_____/

CASE NO.
CHAPTER 13

**CHAPTER 13 PLAN**

[ **X** ] Original **_OR_** [ ] Modification # _____         [ ] pre-confirmation **_OR_** [ ] post-confirmation

**I.    PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A.    The commitment period for this plan is no less than **60** months.

B.    The debtor shall make payments in the amount of **$405.34 Monthly** for **60** months (frequency).

C.    Plan length: **60** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

C. 1.    Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval. **The IRS shall submit all tax refunds owed to Debtor to the Chapter 13 Trustee. In the event Debtor receives tax refund, Debtor shall remit it to the Chapter 13 Trustee.**

D.    Treatment of claims

    1.    <u>Class One - Administrative Expenses</u>

        a.    *Trustee fees* as determined by statute.

        b.    *Attorney fees and costs*: An agreed fee of $ **FEES BY APPLICATION** less amount paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **BY APPLICATION** plus costs advanced in the amount of $ **BY APPLICATION** which totals $ **BY APPLICATION** . Said sum to be paid at the rate of $ **IN FULL** per month.

        In the event that the Order Confirming Plan does not contain an award for attorney fees, for 30 days following the entry of the Order Confirming Plan, the Trustee shall hold from distribution the sum of $**3,000.00** as a fund for the payment of the attorney fees and costs that shall be determined by the court pursuant to 11 U.S.C. Sec. 330 and Local Rule 2016-1. If no application has been served and filed within this 30 day period, the reserved funds will be released for distribution to creditors.

        c.    *Other:*

    2.    <u>Class Two - Continuing Claims</u>:   Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor

1

with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such
compliance.

09-66982

    a.        Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **National City Mortgage** | **1,265.79** |
| **524 W. Marshall** | ***Direct by Debtor.** |
| **Ferndale, MI 48220** | **Current and fully secured*** |

    b.        Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| -NONE- | | | | |

    3.        Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]

        a.        Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **Edward McFarland Family Trust** | **Assume** | **630.00** | **2013** |
| **514-520 Hilton** | | ***Paid Direct by Debtor.** | |
| **Ferndale, MI 48220** | | **Debtor is current.*** | |
| **Edward McFarland Family Trust** | **Assume** | **978.70** | **2027** |
| **530 Hilton** | | ***Paid Direct by Debtor.** | |
| **Ferndale, MI 48220** | | **Debtor is current.*** | |
| **Ford Credit** | **Assume** | **345.00** | **06/10** |
| **Vehicle lease - 2007 Ford F-150 Pick-Up** | | ***Paid Direct by Debtor.** | |
| | | **Debtor is current.*** | |

        b.        Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| -NONE- | | | |

    4.        Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| -NONE- | | | | |

    5.        Class Five - Non-continuing Secured Claims: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

        a. Purchase Money Security Interest in Personal Property. Secured claims other than those listed in Classes Two, Four, and Five b., on which the last payment will become due within the Plan duration.

09-66982

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Monthly Adequate Protection Payment | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|---|

b. Other Secured Claims

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

6.    <u>Class Six - Priority Unsecured Claims</u>

        a. Non-Assigned Domestic Support Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|

        b. Assigned Domestic Support Obligations [11 U.S.C. §1322(a)(4)]

| Creditor | Amount | Interest Rate |
|---|---|---|

        c. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **-NONE-** | | |

7.    <u>Class Seven - Special Unsecured Claims</u> shall be paid in full prior to Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8.    <u>Class Eight - General Unsecured Claims</u> shall be paid a **BASE SUM OF NO LESS THAN** <u>$18,761.17</u> **This Plan shall continue for the length stated** .

9.    Other Provisions: **THIS IS A BASE PLAN FOR <u>$18,761.170</u>, RATHER THAN A PERCENTAGE PLAN**

## II.    <u>GENERAL PROVISIONS</u>

A.    **<u>THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF</u>:**

    **<u>I.D.1.c., I.D.5.a., I.D.8, I.D.9, II,F.1., II.F.3., II.F,4., II.I., II.L., II.N</u>**

B.    **<u>VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION</u>**:  Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)].  The debtor shall remain in possession

3

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

09-66982-mbm   Doc 2   Filed 08/31/09   Entered 08/31/09 10:00:13   Page 3 of 7

of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C.    **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D.    **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E.    **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F.    **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

      1.    Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral or percentage rate of interest.

      2.    As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

      3.    If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

      4.    A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Unless otherwise ordered by the Court, adequate protection payments shall not be paid to claims designated in Class 5 a. which do not meet the requirements in LBR 4001-6.

      **NOTE:** Debtor reserves the right to object to any claim.

G.    **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
      **-NONE-**

H.    **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
      1.    11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

      2.    The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

I.    **ORDER OF PAYMENT OF CLAIMS**: Class One a., b, and c claims, shall be paid in advance of all others, then Classes Two a, and Five a. in advance of all others, then Class Two b and Three in advance of all remaining classes, then Classes Four and Five b., then Class Six unless the consent of a non-assigned domestic support claimant is not obtained, payments shall be made pursuant to 1322(a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section.. [LBR 3015-1(a)(5) (E.D.M.)]

J.    **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K.    **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

4

L.  **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

M.  **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

5

## N.   LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:

09-66982

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY* | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | 352,660.00 | 394,554.88 | 33,089.55 | 3,973.20 | 29,116.35 |
| **VEHICLES** | 5,400.00 | 0.00 | 5,400.00 | 5,400.00 | 0.00 |
| **HHG/PERSONAL EFFECTS** | 2,500.00 | 0.00 | 2,500.00 | 2,500.00 | 0.00 |
| **JEWELRY** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **CASH/BANK ACCOUNTS** | 7,053.60 | 0.00 | 3,551.80 | 3,551.80 | 0.00 |
| **OTHER** | 23,622.00 | 0.00 | 23,622.00 | 23,622.00 | 0.00 |

*Debtor has partial interest in 1 property.  "Debtor's Share of Equity" column has been adjusted accordingly.

| | | |
|---|---|---|
| Amount available upon liquidation | $ | **29,116.35** |
| Less administrative expenses and costs | $ | **10,396.00** |
| Less priority claims | $ | **0.00** |
| Amount Available in Chapter 7 | $ | **18,720.35** |

/s/ Darryl J. Chimko

**Darryl J. Chimko P-31016**
Attorney for Debtor
**Weik, Chimko & Associates**
**30701 Woodward Avenue**
**Suite 400**
**Royal Oak, MI 48073**
**dmengel@lawwca.com**
**(248) 284-1661 Fax:(248) 284-1686**

Phone Number

/s/ Kaiser George Suidan

**Kaiser George Suidan**
Debtor

Joint Debtor

Date

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                 Best Case Bankruptcy

# WORKSHEET

1.   Length of Plan is _____ weeks;   **60** months;   _____ years.

     Debtor #1:

     ( Monthly )

2.   $ _____ **405.34** per pay period x _____ **60** pay periods per Plan =  $ _____ **24,320.40** total per Plan

     Debtor #2:

     ( )

     $ _____ per pay period x _____ pay periods per Plan =  $ _____ total per Plan

3.   $ _____ per period x _____ periods in Plan =                                    _____

4.   Lump Sums:                                                                        _____ **0.00**

5.   Equals total to be paid into the Plan                                             _____ **24,320.40**

6.   Estimated trustee's fees                              _____ **1,459.23**

7.   Attorney fees and costs                               _____ **4,100.00**

8.   Total priority claims                                 _____ **0.00**

9.   Total installment mortgage or
     other long-term debt payments                         _____ **0.00**

10.  Total of arrearage
     including interest                                    _____ **0.00**

11.  Total secured claims,
     including interest                                    _____ **0.00**

              Total of items 6 through 11                         $ _____ **5,559.23**

12.  Base Plan Funds available for unsecured creditors (item 5 minus item 11)   $ _____ **18,761.17**

13.  Total unsecured claims (if all file)                         $ _____ **162,735.80**

14.  Estimated Base Plan Funds to unsecured creditors under Plan        _____ **18,761.17**

15.  Estimated dividend to general unsecured creditors if
     Chapter 7, (see liquidation analysis attached)               $ _____ **18,720.35**

COMMENTS:

7